UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON HARTMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>Defendants. | Case No. 22-cv-01591-AMO   (KAW)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COURT'S MAY 15, 2023 ORDER**<br><br>Re: Dkt. No. 81 |

Before the Court is Plaintiffs' motion to amend the Court's previous discovery ruling. Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Plaintiffs' motion.

### I.   RELEVANT BACKGROUND

On April 28, 2023, the parties filed a joint discovery letter concerning whether Plaintiffs' interrogatories and requests for admission to Defendant Jeffery V. Smith, who is the County Executive for Defendant Santa Clara County, may properly be responded to by Deputy County Executive Megan Doyle and whether the responses to the requests for admission must be verified. (Joint Ltr., Dkt. No. 65.)  On May 15, 2023, after concluding that the plain language of Federal Rule of Civil Procedure 33 requires the party to whom interrogatories are directed to respond to them, the Court ordered Smith to respond to the interrogatories. (Disc. Order, Dkt. No. 72.) However, because Rule 36 requires only that responses to requests for admission be signed by the party or its attorney, the Court found that no further responses to the requests for admission were required. (Disc. Order at 3.)

On May 26, 2023, Plaintiffs filed a petition to amend the Court's order. (Dkt. No. 77.)  On

June 23, 2023, Plaintiffs filed a motion requesting the same relief. (Pls.' Mot., Dkt. No. 81.) On July 7, 2023, Defendants filed their response. (Defs.' Opp'n, Dkt. No. 84.) On July 10, 2023, Plaintiffs filed their reply. (Pls.' Reply, Dkt. No. 85.)

## II.     DISCUSSION

Plaintiffs "request the Court to modify its order and to require Defendant Smith to answer the RFAs for the very same reason the Court ordered him to respond to the Interrogatories: that being he is a named Defendant." (Pls.' Mot. at 2.) Plaintiffs also request that the Court indicate a date certain when Smith's responses are due and whether the Court will entertain a motion for sanctions for abuse of the discovery process. (Pls.' Mot. at 2.)

Defendants respond that (1) Plaintiffs request improperly attempts to invade Defendants' privileged attorney-client relationship; (2) "nothing in Federal Rule of Civil Procedure 36 requires that a party answer requests for admission in their 'own words'" rather than allowing an attorney to draft responses; and (3) Smith "will no longer be the named Defendant as of July 10, 2023, when James R. Williams will assume the office of County Executive." (Defs.' Opp'n at 2-3.) Additionally, Defendants indicate that Smith verified the previous responses to the interrogatories and Defendants served such verification on Plaintiffs on June 16, 2023. (Defs.' Opp'n at 2.)

Plaintiffs respond that the specific issue here is not who drafted the responses to the requests for admission but rather whether Smith, as a named defendant, "has reviewed them and does he agree that the responses would be the same as his." (Pls.' Opp'n at 1.)

The Court declines to alter its previous order concerning the requests for admission. Plaintiffs' reliance on the Court's decision with respect to their interrogatories to argue that the same reasoning applies to the requests for admission is misplaced. The two discovery devices are governed by separate rules. Rule 36 governing requests for admission does not contain the specific language of Rule 33 on which the Court relied in determining that Smith must answer the interrogatories. *Compare* Fed. R. Civ. P. 33(b)(1)(A) & (5) (requiring interrogatories be answered and signed by the party to whom they are directed) *with* Fed. R. Civ. P. 36 (containing no similar language). As noted in the Court's previous order, Rule 36 requires only that "the party to whom the request is directed [must] serve[] on the requesting party a written answer or objection

addressed to the matter and signed by the party or its attorney." (Disc. Order at 3 (citing Fed. R. Civ. P. 36(a).) Defendant has complied with this requirement. Thus, no further responses to the requests for admission are required under the Federal Rules.

Additionally, based on Defendants' representation that Smith's verification of the responses to interrogatories were served on Plaintiffs on June 16, Plaintiffs' request that the Court set a date certain for Smith's responses is moot.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion to amend the Court's discovery order is DENIED.

IT IS SO ORDERED.

Dated: August 4, 2023

KANDIS A. WESTMORE
United States Magistrate Judge