UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON HARTMAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01591-AMO<br><br>**ORDER DENYING MOTION FOR EQUITABLE RELIEF AND DENYING AS MOOT MOTION TO SHORTEN TIME**<br><br>Re: Dkt. Nos. 139, 150 |

Before the Court is Plaintiff Katie Lightfoot's motion for equitable relief. While Title VII authorizes equitable remedies, such as reinstatement, those remedies are ordered "[i]f the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint[.]" *See* 42 U.S.C. § 2000e-5(g)(1); *see also Proctor v. Consol. Freightways Corp. of Delaware*, 942 F.2d 793 (9th Cir. 1991) ("If discrimination has occurred, Title VII aims to make the victims of unlawful discrimination whole by restoring them, so far as possible, to a position where they would have been were it not for the unlawful discrimination.") (table decision). Here, no such finding has been made. Thus, assuming, without deciding, that Lightfoot still has a Title VII claim available to her in this case, the instant motion for equitable relief is premature prior to a liability determination and is therefore **DENIED**. *See E.E.O.C. v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1544-45 (9th Cir. 1987) (reversing and remanding district court's denial of permanent injunction where questions remained about the defendant's liability, with instructions that "[i]f the EEOC proves its case, and Goodyear fails to prove the violation will likely not recur, the EEOC will be entitled to an injunction.").

To the extent Lightfoot seeks to, on reply, restyle her motion as one for a preliminary injunction, it is also **DENIED**. "[R]estor[ing] the status quo," as Lightfoot seeks, *see* ECF 149 at

10, is not the proper object of a motion for preliminary injunction. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.") (citations omitted); *see also Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("[a] judgment on the merits in the guise of preliminary relief is a highly inappropriate result") (citations omitted).

The Court notes that, in their opposition, Defendants seek dismissal of any claims that are duplicative of those pending in a parallel class action. *See* ECF 145 at 8-13. Lightfoot objects that the request is improper and contrary to the sequencing Defendants insisted on during the status conference held May 8, 2024. *See* ECF 149 at 7. As discussed at length during that setting, Defendants may file a separate motion to the extent they seek dismissal of any of Plaintiffs' claims on the ground that they are duplicative of those asserted in the parallel class case.

**IT IS SO ORDERED.**

Dated: June 3, 2024

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

2